# EXHIBIT 1





AUG 10 2020

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

# UDALL | SHUMWAY
### COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Joel E. Sannes (SBN 015999)
jes@udallshumway.com
James B. Reed (014015)
jbr@udallshumway.com
Carson T. H. Emmons (SBN 024094)
cthe@udallshumway.com
docket@udallshumway.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MESA GOLFLAND, LTD., an Arizona limited partnership, | CASE NO.: CV2020-094524 |
| Plaintiff, | **COMPLAINT** |
| v. | **(Injunctive Relief; Declaratory Relief; Damages Pursuant to 28 U.S.C. § 1983)** |
| DOUGLAS A. DUCEY, Governor of Arizona, in his official capacity; | |
| Defendant. | |

Plaintiff, Mesa Golfland Ltd. (hereinafter "Plaintiff"), by and through undersigned counsel, for its complaint against the Defendant Douglas A. Ducey (hereinafter "Defendant"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is an Arizona corporation with its principal place of business in Maricopa County, Arizona.

2.      Defendant Douglas A. Ducey, the Governor of the State of Arizona, sued in his official capacity. All actions of Defendant Ducey alleged herein were taken under color of law.

3.      Governor Ducey is referred to herein as "Defendant."

1    4.    The acts complained of in the above-captioned action occurred in

2  Maricopa County, Arizona.

3    5.    Venue properly lies in this Court pursuant to A.R.S. § 12-401(16).

4    6.    Jurisdiction is proper in this Court pursuant to A.R.S. § 12-123.

5                        **GENERAL ALLEGATIONS**

6    7.    Plaintiff operates the business known as Golfland Sunsplash in Mesa,

7  Maricopa County, Arizona.

8    8.    "Sunsplash" is a water park. Sunsplash's attractions include water slides,

9  a wave-pool, a lazy river, and attractions for young children who are not swimmers yet.

10    9.    On March 11, 2020, Defendant issued a declaration of a Public Health

11  State of Emergency to address the 2019 novel coronavirus ("COVID -19").

12    10.   On March 23, 2020, Defendant issued executive order 2020-12

13  "Prohibiting the Closure of Essential Services" withdrawing authority of towns, cities

14  and counties to exercise their authority to order the closure of businesses deemed

15  "essential."

16    11.   On March 30, 2020, Defendant issued executive order 2020-18 ("EO

17  2020-18"), "Stay Home, Stay Healthy, Stay Connected," which limited activities of

18  Arizona residents outside of their personal residences to those involving transacting

19  Essential Activities or Essential Functions or for non-essential business provided the

20  business did not require in-person, on-site transactions

21    12.   Water parks were not on the list of Essential Businesses.

22    13.   As a result of EO 2020-18, Plaintiff closed all operations.

23    14.   On May 12, 2020, Defendant issued executive order 2020-36 "Stay

24  Healthy, Return Smarter, Return Stronger," recognizing that Arizona had entered

25  "Phase I" in the federal "Guidelines for Opening Up America Again" published by the

26  Centers for Disease Control and the White House Coronavirus Task Force (hereinafter,

27

28

"federal guidelines"). Executive order 2020-36 rescinded executive orders 2020-18, 2020-24 and 2020-33.

15.   On May 13, 2020, Defendant published an official press release allowing pools that follow guidance from the Arizona Department of Health Services ("ADHS") to reopen.

16.   On May 13 through May 15, 2020, Plaintiff reopened some of the water attractions at Sunsplash.

17.   On May 14, 2020, ADHS and Defendant published guidance for the operation of swimming pools and aquatic venues. At all times, Plaintiff was in compliance with the ADHS and Defendant's guidance.

18.   On June 29, 2020, without any notice to Plaintiff, Defendant issued executive order 2020-43 ("EO 2020-43"), "Pausing of Arizona's Reopening, Slowing the Spread of COVID-19." Under executive order 2020-43, "water parks" were ordered to "pause operations" until at least July 27, 2020.

19.   In executive order 2020-43, "[p]ools operated as part of a public accommodation, such as those at hotels" were allowed to "continue to operate."

20.   Under executive order 2020-43, water parks were to "receive authorization to reopen" after they "submit a form as prescribed by the Arizona Department of Health Services [ADHS] that attests the entity is in compliance with guidance issued by ADHS related to COVID-19 business operations."

21.   Plaintiff anticipated that on or before July 27, 2020, it would be allowed to reopen Sunsplash in accordance with ADHS protocols.

22.   On information and belief, the Defendant did not prepare or even begin to prepare protocols for water parks to reopen.

23.   Plaintiff provided ADHS with its safety-plan for reopening and asked for authority to reopen based on its safety-plan.

24.    Do date, neither Defendant nor ADHS has commented on Plaintiff's safety-plan to reopen.

25.    Defendant has not provided Plaintiff with any means by which Plaintiff can establish that its safety-plan will be effective to reduce the risk of COVIDF-19 transmission.

26.    On July 23rd, the Defendant effectively revoked any commitment to allow water parks to reopen with his Executive Order 2020-52 ("EO 2020-52"). EO 2020-52 provides:

> The provisions of Executive Order 2020-43, ordered July 27, 2020, including those pausing busines operations for certain businesses, shall be extended, remain in place and continue to be reviewed for repeal or revisions every two weeks.

27.    Although water parks like Sunsplash have been ordered closed, the exception in EO 2020-43 allowing "[p]ools operated as part of a public accommodation, such as those at hotels" to continue operations has allowed water parks at hotels in Maricopa County to remain open.

28.    On information and belief, the following hotels or resorts are operating water parks:

    A. The Oasis at Arizona Grand Resort: The Oasis is a seven-acre water park with an 8-story water slide, two other water slides, a wave pool, a lazy river, a 25 person hot tub, a swimming pool, a childrens' pool, and a restaurant.

    B. The Westin Kierland Resort & Spa: Kierland is a water park with a 110-foot water slide, a lazy river, a "Flowrider" surf simulator, two swimming pools and a hot tub.

    C. JW Marriott Phoenix Desert Ridge Resort & Spa: The Desert Ridge Marriott has five pools, a lazy river, a waterslide and children's splash area.

4

D. Hyatt Regency Gainey Ranch: The Hyatt Regency has a 2.5-acre water playground, with a sand beach and 3-story, high speed waterslide, ten swimming pools, 40 waterspouts and a Grecian-style water temple.

E. Fairmont Scottsdale Princess: Scottsdale Princess has two water slides, three pool areas, and on Saturday nights offers a "Dive-In" movie for guests. It also has a zero-entry deck for young children.

F. Great Wolf Lodge: Great Wolf has a four-story tubing slide, a splash "tree house," a splash pool, a wave pool, a lazy river, and a river-rafting simulation.

G. Ritz Carlton Dove Mountain: The Ritz Carlton Dove Mountain has three swimming pools and a 235-foot water slide.

H. JW Marriott Tucson Starr Pass Resort & Spa: The Tucson JW Marriott resort has a lazy river, multi-level swimming pools, a water slide and dancing fountains.

I. Westin La Paloma Tucson: The Westin La Paloma in Tucson has five pools and a 177-foot water slide.

J. El Conquistador Tucson: El Conquistador has six pools and a 143-foot waterslide.

K. Pointe Hilton Tapatio Cliffs Resort: The Pointe Tapatio has a 143-foot water slide, two pools and a 40-foot waterfall.

L. The Phoenician: The Phoenician has upper pools and a lounge deck, a mother-of-pearl pool, a 197-foot twisting waterslide, and a splash pad with spray-guns and falling buckets of water.

29.    In addition to hotel water parks remaining open, Defendant has kept the Slide Rock State Park open, which charges a fee for individuals to swim, wade and slide down a 1.2 mile section of Oak Creek. Slide Rock is an outdoor water park.

30.  In addition, many municipal water parks remain open. For example, the City of Chandler's Hamilton Aquatic Center is open. It has a zero-depth play pool; 115-foot SCS interactive play structure; water vortex; current river; and two water slides. The City of Mesa's Rhodes Aquatic Complex features a surfing simulator. Mesa's Shepherd Aquatic Complex has a children's pool, a mushroom fountain aquatic feature, and a water slide.

## Count I
### (Violation of Procedural Due Process, Ariz. Const. Art. 2, § 4; Injunction and Declaratory Relief)

31.  Plaintiff incorporates all preceding allegations.

32.  Article 2, § 4 of the Arizona Constitution prohibits deprivation of life, liberty, or property without due process of law.

33.  Plaintiff's right to conduct business lawfully is a protected property interest.

34.  Plaintiff was entitled to an opportunity to be heard before enactment of Executive Order 2020-43 and 2020-52 to establish that Plaintiff's operation of its facilities is not a threat to public health.

35.  Plaintiff has not been provided with any opportunity to be heard to establish that Plaintiff's operation of its facilities is not a threat to public health.

36.  Alternatively, Plaintiff is entitled to an opportunity to be heard after enactment of Executive Order 2020-43 and 2020-52 to establish that Plaintiff's operation of its facilities is not a threat to public health.

37.  Defendant's failure to provide Plaintiff with a pre-deprivation opportunity to be heard is a violation of Plaintiff's procedural due process rights under Article 2, §4 of the Arizona Constitutions.

38.  Defendant's failure to provide Plaintiff with a post-deprivation opportunity to be heard is a violation of Plaintiff's procedural due process rights under Article 2, § 4 Arizona Constitution.

39.     The Governor exceeded his authority in issuing Executive Orders 2020-43 and 2020-52 without affording Plaintiff due process.

40.     This Court may enjoin Defendant's enforcement of Executive Order 2020-43 and 2020-52. "The provisions of this [Arizona] Constitution are mandatory, unless by express words they are declared to be otherwise." Ariz. Const. Art. II, § 32

41.     A justiciable controversy exists between Plaintiff and Defendant.

42.     Plaintiff is entitled to declaratory relief that the adoption of Executive Orders 2020-43 and 2020-52 violated Plaintiff's procedural due process rights and so is not enforceable.

43.     Plaintiff is entitled to an award of its attorneys' fees and costs pursuant to the private attorney general doctrine. *Cave Creek Unified Sch. Dist. v. Ducey*, 231 Ariz. 342, 353, ¶ 35, 295 P.3d 440, 451 (App.), aff'd, 233 Ariz. 1, ¶ 35, 308 P.3d 1152 (2013).

**Count II**
**(Violation of Substantive Due Process, Ariz. Const. Art. 2, § 4; Injunction and Declaratory Relief)**

44.     Plaintiff incorporates all preceding allegations.

45.     There is no rational basis for the closure of Plaintiff's water park.

46.     Alternatively, there is no rational basis for the closure of Plaintiff's water park when Plaintiff is observing recommended protocols to prevent the transmission of COVID 19.

47.     Defendant's closure of Plaintiff's water park is arbitrary and irrational, violating Plaintiff's right under Article 2, § 4 of the Arizona Constitution to be free from deprivation of property without due process of law.

48.     This Court may enjoin Defendant's enforcement of Executive Order 2020-43 and 2020-52. "The provisions of this [Arizona] Constitution are mandatory, unless by express words they are declared to be otherwise. Ariz. Const. Art. II, § 32.

49.     A justiciable controversy exists between Plaintiff and Defendant.

50.     Plaintiff is entitled to declaratory relief that the adoption of Executive Order 2020-43 and 2020-52 violated Plaintiff's substantive due process rights and so is not enforceable.

51.     Plaintiff is entitled to an award of its attorneys' fees and costs pursuant to the private attorney general doctrine. *Cave Creek Unified Sch. Dist. v. Ducey*, 231 Ariz. 342, 353, ¶ 35, 295 P.3d 440, 451 (App.), aff'd, 233 Ariz. 1, ¶ 35, 308 P.3d 1152 (2013).

**Count III**
**(Violation of Equal Protection, Ariz. Const. Art. 2, § 13; Injunction and Declaratory Relief)**

52.     Plaintiff incorporates all preceding allegations.

53.     Arizona law prohibits Defendant from enacting any law that grants any person, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations. Ariz. Const. Art. 2, § 13.

54.     Executive Orders 2020-43 and 2020-52 create an arbitrary classification between "water parks" such as Plaintiff's facility, which is subject to closure, and other hotel and resort "pools" that are as much a "water park" as Plaintiff's facilities, but which are not subject to closure.

55.     Executive Orders 2020-43 and 2020-52 create an arbitrary classification between "water parks" such as Plaintiff's facility, which is subject to closure, and State-owned and operated outdoor water parks, such as Slide Rock, which are not subject to closure.

56.     Executive Orders 2020-43 and 2020-52 create an arbitrary classification between "water parks" such as Plaintiff's facility, which is subject to closure, and municipal water parks, which are not subject to closure

57.     This Court may enjoin Defendant's enforcement of Executive Orders 2020-43 and 2020-52. "The provisions of this [Arizona] Constitution are mandatory, unless by express words they are declared to be otherwise. Ariz. Const. Art. II, § 32.

58.     A justiciable controversy exists between Plaintiff and Defendant.

59.     Plaintiff is entitled to declaratory relief that the adoption of Executive Orders 2020-43 and 2020-52 violated Plaintiff's rights to equal protection and so is not enforceable.

60.     Plaintiff is entitled to an award of its attorneys' fees and costs pursuant to the private attorney general doctrine. *Cave Creek Unified Sch. Dist. v. Ducey*, 231 Ariz. 342, 353, ¶ 35, 295 P.3d 440, 451 (App.), aff'd, 233 Ariz. 1, ¶ 35, 308 P.3d 1152 (2013).

**Count IV**
**(Violation of Equal Protection and Due Process, United States Const., 14th Amendment, Injunction and Declaratory Relief and Damages)**

61.     Plaintiff incorporates all preceding allegations.

62.     The 14th Amendment to the United States Constitution provides, "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." It further provides that no state may "deprive any person of life, liberty or property, without due process of law."

63.     Executive Orders 2020-43 and 2020-52 create an arbitrary classification between "water parks" such as Plaintiff's facility, which is subject to closure, and other hotel and resort "pools" that in are as much a "water park" as Plaintiff's facilities, which are not subject to closure.

64.     Executive Orders 2020-43 and 2020-52 create an arbitrary classification between "water parks" such as Plaintiff's facility, which is subject to closure, and State-owned and operated outdoor water parks, such as Slide Rock, which is not subject to closure.

65.     Executive Orders 2020-43 and 2020-52 create an arbitrary classification between "water parks" such as Plaintiff's facility, which is subject to closure, and municipal water parks, which are not subject to closure

66.     A justiciable controversy exists between Plaintiff and Defendant.

1    67.    Plaintiff has been damaged by Defendant's adoption and enforcement of

2  Executive Orders 2020-43 and 2020-52 in an amount to be proven at trial.

3    68.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory

4  relief, injunctive relief and damages arising from Defendant's denial of Plaintiff's rights

5  to equal protection and/or due process of law under the 14th Amendment to the United

6  States Constitution.

7    69.    Plaintiff found it necessary to engage the services of private counsel to

8  vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of

9  attorneys' fees pursuant to 42 U.S.C. § 1988.

10    **WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

11        A.    For temporary, preliminary and permanent injunctive relief

12              prohibiting Defendant from enforcing Executive Orders 2020-43

13              and 2020-52 against Plaintiff;

14        B.    For a declaration that enforcing Executive Orders 2020-43 and

15              2020-52 against Plaintiff violates Art. 2, §§ 4 and 13 of the Arizona

16              Constitution and the 14th Amendment to the United States

17              Constitution;

18        C.    For an award of damages to Plaintiff in an amount to be proven at

19              trial;

20        D.    For an award of Plaintiffs' taxable costs and attorneys' fees; and

21        E.    For such other relief as the Court deems just and appropriate.

22

23

24

25  ///

26  ///

27  ///

28

1

**RESPECTFULLY SUBMITTED** this 10th day of August 2020.

2

UDALL SHUMWAY PLC

3

4
Joel E. Sannes

James B. Reed

5
Carson T.H. Emmons

6
1138 North Alma School Rd., Suite 101

Mesa, AZ 85201

7
*Attorneys for Plaintiff*

5811205

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28